## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JOSEF RICKETTS, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>NV5, LLC,<br><br>    Defendant. | **Case No.** _____ 2:21-cv-00056<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Plaintiff Josef Ricketts (Ricketts) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant NV5, LLC (NV5) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.      Ricketts worked for NV5 as an Inspector.

3.      Ricketts and the Day Rate Inspectors (as defined below) regularly worked more than 40 hours a week.

4.      But these Inspectors never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, NV5 pays these workers a flat amount for each day worked (a "day rate") that NV5 disguises as an hourly rate without overtime compensation when they worked in excess of 40 hours in a workweek.

6.      NV5 never paid Ricketts or the Day Rate Inspectors a guaranteed salary.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## Jurisdiction & Venue

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this claim occurred in this District and Division.

10.     Ricketts worked for NV5 in this District and Division.

11.     Specifically, Ricketts worked for NV5 in and around Mineral Wells and Dunbar, West Virginia.

12.     NV5 conducts substantial business operations in this District and Division.

## Parties

13.     Ricketts worked for NV5 as an Inspector from approximately June 2018 until October 2018.

14.     Throughout his employment with NV5, Ricketts was paid a day rate with no overtime compensation.

15.     Ricketts's written consent to be a party plaintiff is attached as Exhibit 1.

16.     Ricketts brings this action on behalf of himself and all other similarly situated workers who were paid by NV5's disguised day rate system.

17.     NV5 paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

18.     The collective of similarly situated employees or Day Rate Inspectors sought to be certified is defined as follows:

> **All current and former NV5 Inspectors who were paid a day rate with no overtime at any time during the past 3 years (Day Rate Inspectors).**

19.     The Day Rate Inspectors are easily ascertainable from NV5's business and personnel records.

20.     Defendant NV5, LLC is a limited liability company headquartered in Hollywood, Florida that may be served with process by serving its registered agent: **Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302**.

### COVERAGE UNDER THE FLSA

21.     At all relevant times, NV5 has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

22.     At all relevant times, NV5 has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

23.     At all relevant times, NV5 has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). NV5 has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

24.     In each of the last 3 years, NV5 has had annual gross volume of sales made or business done of at least $500,000.

25.     At all relevant times, Ricketts and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

26.     NV5 uniformly applied its policy of paying its employees, including Ricketts, a day rate with no overtime compensation.

27.     NV5 applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

28.     By paying their employees a day rate with no overtime compensation, NV5 violated (and continues to violate) the FLSA's requirement that it pay its employees overtime compensation at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

29.     As a result of this policy, Ricketts and the Day Rate Inspectors do not receive overtime as required by the FLSA.

30.     NV5's uniform compensation scheme of paying its employees a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

### FACTUAL ALLEGATIONS

31.     NV5 bills itself as "a leading provider of compliance, technology, and engineering consulting solutions for public and private sector clients supporting infrastructure, utility, and building assets and systems … [that] primarily focuses on … Testing, Inspection & Consulting; Infrastructure; Utility Services; Environmental Health Sciences; Buildings & Program Management; and Geospatial Technology."[1]

32.     To complete its business objectives, NV5 hires Inspectors, such as Ricketts, to "inspect, observe, and test the workmanship and materials for compliance with the approved contract documents, including the plans, specifications and applicable [] codes"[2] throughout the United States.[3]

33.     Many of these individuals worked for NV5 on a day rate basis (without overtime pay).

34.     These workers make up the proposed Putative Class.

35.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

36.     For example, Ricketts worked for NV5 as an Environmental Inspector from approximately June 2018 until October 2018 in and around Mineral Wells and Dunbar, West Virginia.

37.     During this time, NV5 assigned Ricketts to work on projects for TransCanada.

---

[1] https://www.nv5.com/about-nv5/ (last visited January 14, 2021).
[2] https://www.nv5.com/services/testing-inspection-consulting/ (last visited January 14, 2021).
[3] https://www.nv5.com/projects (detailing NV5 projects across the country) (last visited January 14, 2021).

38.     Throughout his employment with NV5, NV5 paid him on a day rate basis.

39.     Ricketts and the Day Rate Inspectors work for NV5 under its day rate pay scheme.

40.     Ricketts and the Day Rate Inspectors do not receive a salary.

41.     According to NV5, Ricketts and the Day Rate Inspectors' employment arrangement was an hourly pay system.

42.     But NV5 requires Ricketts and the Day Rate Inspectors to record 10 hours on their timesheets for each day they worked, regardless of the actual number of hours they worked in a day or workweek:

| | | Total Hr | Sun 1/14 | Mon 1/15 | Tue 1/16 | Wed 1/17 | Thu 1/18 | Fri 1/19 | Sat 1/20 |
|---|---|---|---|---|---|---|---|---|---|
| **DAILY TOTALS** | Reg | 40.00 | 10.00 | 10.00 | 10.00 | 10.00 | | | |
| | Ovt | 30.00 | | | | | 10.00 | 10.00 | 10.00 |

| | | Total Hr | Sun 1/21 | Mon 1/22 | Tue 1/23 | Wed 1/24 | Thu 1/25 | Fri 1/26 | Sat 1/27 |
|---|---|---|---|---|---|---|---|---|---|
| **DAILY TOTALS** | Reg | 40.00 | 10.00 | 10.00 | 10.00 | 10.00 | | | |
| | Ovt | 30.00 | | | | | 10.00 | 10.00 | 10.00 |

43.     In fact, NV5 admits Ricketts' and the Day Rate Inspectors' compensation is "[b]ased on a 10-hour, 7-day work week" in the offer letters it provides these employees:

> B.  COMPENSATION
> NV5 will provide you:
>
> 1.   $27.34 per hour and an overtime rate of $41.01. Based on a 10-hour, 7-day work week, your weekly earnings would be $2,323.79. Payroll will be distributed bi-weekly on NV5's standard pay day.

44.     Likewise, it admits Ricketts and the Day Rate Inspectors are non-exempt employees entitled to overtime:

E. NON-EXEMPT POSITION
Your hours are as directed by the work schedule.  As a non-exempt employee with NV5, you will be entitled to overtime pay.  If you have questions about this or any other term of this offer, we urge you to contact an attorney (at your own expense) and to immediately notify NV5 in the event you wish adjustments, if and as are appropriate, to be made.

45.     If Ricketts and the Day Rate Inspectors did not work, they did not get paid.

46.     Ricketts and the Day Rate Inspectors receive a day rate.

47.     Ricketts and the Day Rate Inspectors do not receive overtime pay.

48.     This is despite the fact that Ricketts and the Day Rate Inspectors often work 12+ hours a day, for as many as 7 days a week, for weeks at a time.

49.     For example, Ricketts received a day rate of approximately $332 for each day he worked for NV5.

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 27.3400 | 80.00 | 2,187.20 |
| Overtime | 41.0100 | 60.00 | 2,460.60 |
| **Gross Pay** | | | **$4,647.80** |

50.     Ricketts' and the Day Rate Inspectors' day rate is derived by dividing their two-week gross pay by the number of days they worked.

51.     NV5 attempts to disguise its day rate pay scheme as an hourly rate system, but it pays Ricketts and the Day Rate Inspectors the same amount per day (based on a 10-hour day), regardless of the number of hours that they worked.

52.     Although he typically worked 7 days a week, often for 12+ hours a day, he did not receive any overtime pay.

53.     Ricketts's work schedule is typical of the Day Rate Inspectors.

54.     Ricketts and the Day Rate Inspectors received the day rate regardless of the number of hours they worked, and even if they worked more than 40 hours in a workweek.

55.     Ricketts's employment relationship with NV5 is similar to that of the Day Rate Inspectors.

56.     NV5 knows Ricketts and the Day Rate Inspectors work for 12+ hours a day, for as many as 7 days a week.

57.     NV5's records reflect the fact that Ricketts and the Day Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

58.     NV5 does not pay Ricketts or the Day Rate Inspectors overtime for hours worked in excess of 40 in any of those weeks.

59.     Instead, NV5 pays Ricketts and the Day Rate Inspectors on a day rate basis.

60.     Very little skill, training, or initiative is required of Ricketts and the Day Rate Inspectors to perform their job duties.

61.     Indeed, the daily and weekly activities of Ricketts and the Day Rate Inspectors are routine and largely governed by standardized plans, procedures, and checklists created by NV5 and/or its clients.

62.     Virtually every job function is predetermined by NV5 (or its clients), including the tools and equipment used at the job site, the data to compile, the schedule of work, and related work duties.

63.     NV5 prohibits Ricketts and the Day Rate Inspectors from varying their job duties outside of the predetermined parameters and requires Ricketts and the Day Rate Inspectors to follow NV5's (or its clients') policies, procedures, and directives.

64.     Ricketts and the Day Rate Inspectors perform routine job duties largely dictated by NV5 (or its clients).

65.     All of NV5's Day Rate Inspectors perform similar inspection job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

66.     All of NV5's Day Rate Inspectors work similar hours and are denied overtime as a result of the same illegal pay practice.

67.     All of NV5's Day Rate Inspectors work in excess of 40 hours each week and often work 84+ hours in a workweek.

68.     NV5 uniformly denies Ricketts and the Day Rate Inspectors overtime for the hours they work in excess of 40 hours in a single workweek.

69.     Ricketts and the Day Rate Inspectors are not employed on a salary basis.

70.     Ricketts and the Day Rate Inspectors do not, and have never, received guaranteed weekly compensation from NV5 irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

71.     NV5's policy of paying Ricketts and the Day Rate Inspectors a day rate with no overtime compensation violates the FLSA because it deprives Ricketts and the Day Rate Inspectors of overtime for the hours they work in excess of 40 hours in a single workweek.

72.     NV5 knew Ricketts and the Day Rate Inspectors worked more than 40 hours in a week.

73.     NV5 knew, or showed reckless disregard for whether, the Day Rate Inspectors were not exempt from the FLSA's overtime provisions.

74.     Nonetheless, NV5 failed to pay Ricketts and the Day Rate Inspectors overtime.

75.     NV5 knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

76.     Ricketts brings this claim as a collective action under the FLSA.

77.     The Day Rate Inspectors were victimized by NV5's pattern, practice, and/or policy which is in willful violation of the FLSA.

78.     Other day rate workers worked with Ricketts and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

79.     Based on his experiences with NV5, Ricketts is aware that NV5's illegal practices were imposed on the Day Rate Inspectors.

80.     The Day Rate Inspectors are similarly situated in all relevant respects.

81.     Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

82.     The illegal day rate policy that NV5 imposes on Ricketts is likewise imposed on all Day Rate Inspectors.

83.     Numerous individuals are victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

84.     The Day Rate Inspectors are similarly denied overtime when they work more than 40 hours per week.

85.     The overtime owed to Ricketts and the Day Rate Inspectors will be calculated using the same records and using the same formula.

86.     Ricketts's experiences are therefore typical of the experiences of the Day Rate Inspectors.

87.     The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

88.     Ricketts has no interests contrary to, or in conflict with, the Day Rate Inspectors that would prevent class or collective treatment.

89.     Like each Day Rate Inspector, Ricketts has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

90.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

91.     Absent a collective action, many Day Rate Inspectors will not obtain redress of their injuries, and NV5 will reap the unjust benefits of violating the FLSA.

92.     Further, even if some of the Day Rate Inspectors could afford individual litigation against NV5, it would be unduly burdensome to the judicial system.

93.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Inspectors, as well as provide judicial consistency.

94.     Ricketts and the Day Rate Inspectors sustained damages arising out of NV5's illegal and uniform employment policy.

95.     Ricketts knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

96.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to NV5's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

97.     NV5 is liable under the FLSA for failing to pay overtime to Ricketts and the Day Rate Inspectors.

98.     Consistent with NV5's illegal day rate policy, Ricketts and the Day Rate Inspectors were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

99.     As part of their regular business practices, NV5 intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Ricketts and the Day Rate Inspectors.

100.     NV5's illegal day rate policy deprived Ricketts and the Day Rate Inspectors of the premium overtime wages they are owed under federal law.

101.     NV5 is aware, or should have been aware, that the FLSA required them to pay Ricketts and the Day Rate Inspectors overtime premiums for all hours worked in excess of 40 hours per workweek.

102.     There are many similarly situated Day Rate Inspectors who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

103.     This notice should be sent to the Day Rate Inspectors pursuant to 29 U.S.C. § 216(b).

104.     Those similarly situated employees are known to NV5, are readily identifiable, and can be located through NV5's records.

### CAUSE OF ACTION
### VIOLATION OF THE FLSA

105.     Ricketts brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

106.     NV5 employed, or employs, Ricketts and the Day Rate Inspectors within the meaning of the FLSA.

107.     By failing to pay Ricketts and the Day Rate Inspectors overtime when they worked in excess of 40 hours in a workweek, NV5 has violated, and is violating, Section 7 of the FLSA. 29 U.S.C. § 207.

108.     NV5 failed to pay Ricketts and the Day Rate Inspectors a guaranteed salary or on a "salary basis."

109.     NV5 failed to pay Ricketts and the Day Rate Inspectors overtime as required by the FLSA.

110.     Instead, NV5 paid Ricketts and the Day Rate Inspectors a day rate with no overtime.

111.     NV5 knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Inspectors overtime compensation.

112.     NV5's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

113.     Accordingly, Ricketts and the Day Rate Inspectors are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

114.     Ricketts demands a trial by jury.

## PRAYER

WHEREFORE, Ricketts, individually, and on behalf of the Day Rate Inspectors respectfully requests that this Court grant the following relief:

a.   An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Day Rate Inspectors to permit them to join this action by filing a written notice of consent;

b.   A judgment against NV5 awarding Ricketts and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c.   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d.   An order awarding attorneys' fees, costs, and expenses;

e.   Pre- and post-judgment interest at the highest applicable rates; and

f.   Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Anthony J. Majestro

    **Anthony J. Majestro (WVSB 5165)**
    **James S. Nelson (WVSB 10776)**
    **POWELL & MAJESTRO PLLC**
    405 Capitol Street, Suite P-1200
    Charleston, WV 25301
    304-346-2889 – Telephone
    304-346-2895 – Facsimile

    **Michael A. Josephson***
    TX Bar No. 24014780
    **Andrew W. Dunlap***
    TX Bar No. 24078444
    **Taylor A. Jones***
    TX Bar No. 24107823
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com
    *Visiting Attorney Statement Forthcoming*

    **Richard J. (Rex) Burch***
    TX Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com
    *Visiting Attorney Statement Forthcoming*

    **ATTORNEYS FOR PLAINTIFF**
    **& PUTATIVE CLASS MEMBERS**