UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEF RICKETTS,

          Plaintiff,

v.                                                CIVIL ACTION NO.    2:21-cv-00056

NV5, LLC,

          Defendants.

**ORDER**

Before this Court is Plaintiff Josef Ricketts's "*Motion to Compel Discovery*." (ECF No. 38.) The undersigned finds that Plaintiffs' motion, on its face, fails to comply with the prerequisites for filing discovery motions pursuant to the Local Rules of Civil Procedure; therefore, the undersigned finds it appropriate to resolve this motion without further briefings or filings. For the reasons set forth herein, Plaintiffs' motion is **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

On January 21, 2021, Plaintiff Josef Ricketts ("Plaintiff") initiated this putative collective action against his former employer, Defendant NV5, LLC ("Defendant"), to recover alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (ECF No. 1 at 1, 8.) The Complaint alleges that between June 2018 and October 2018, Plaintiff worked as an Environmental Inspector for NV5, LLC, which he alleges is a Florida limited-liability company that provides "compliance, technology, and

engineering consulting solutions for public and private sector clients supporting infrastructure, utility, and building assets and systems." *Id.* at 1, 3-4. Plaintiff alleges that, during this time period, Defendant assigned him to work on projects for TransCanada—a company which operates a network of natural gas pipelines—in and around Mineral Wells and Dunbar, West Virginia. *Id.* at 4. His role was to "inspect, observe, and test the workmanship and materials for compliance with the approved contract documents, including the plans, specifications, and applicable codes." *Id.*

Plaintiff alleges that Defendant "attempt[ed] to disguise its day rate pay scheme as an hourly rate system, but it pays Ricketts and [the proposed Putative Class of similarly-situated] Day Rate Inspectors the same amount per day (based on a 10-hour day), regardless of the number of hours that they worked . . . and even if they worked more than 40 hours in a workweek. " *Id.* at 4, 6-7. Plaintiff alleges that he and the Putative Class was "denied overtime as a result of [this] illegal pay practice" in violation of 29 U.S.C. § 207. *Id.* at 8, 11. Plaintiff seeks an order designating this case as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Day Rate Inspectors. *Id.* at 12. His Complaint further seeks a declaratory judgment that Defendant's practices violated the FLSA, as well as a judgment against Defendant awarding Plaintiff and the Putative Members "all their unpaid overtime compensation and an additional, equal amount, as liquidated damages." *Id.*

Defendant filed an Answer on February 22, 2021. (ECF No. 11). The Court subsequently entered a Scheduling Order on May 12, 2021, (*see* ECF No. 14), and the parties initiated discovery. Plaintiff served his "*First Set of Interrogatories, Requests for Production, and Requests for Admissions*" on Defendant on October 20, 2021. (ECF No. 37-1.) Pursuant to Rules 33(b)(2), 34(b)(2)(A), and 36(a)(3) of the Federal Rules of Civil

Procedure, Defendant's responses were due by November 19, 2021. However, Defendant did not serve its "*Objections and Answers to Plaintiff's First Set of Interrogatories*," "*Objections and Responses to Plaintiff's First Set of Requests for Production*," and "*Objections and Responses to Plaintiff's First Set of Requests for Admission*" until twenty-one days later, on December 10, 2021. (ECF Nos. 37-2, 37-3, 37-4.)

Plaintiff asserts in the motion *sub judice* that, in addition to being late, Defendant's responses were patently deficient. Specifically, Plaintiff states that Defendant objected in full "to all but two Interrogatories," and that "[t]he rest of the answers to the Interrogatories, Requests for Production, and Requests for Admission contain *only* objections." (ECF No. 38 at 9) (emphasis in original). Accordingly, Plaintiff's counsel emailed a discovery deficiency letter to defense counsel on February 3, 2022, outlining the alleged deficiencies and requesting Defendant's agreement "to a timeline for supplementation and production." (ECF No. 37-5.) Counsel for the parties conferred via Zoom on February 16, 2022, and Defendant agreed to supplement its responses with Ricketts's personnel file, time, and pay records, as well as "relevant policies," by February 25, 2022. (ECF No. 37-6.)

On February 25, 2022, Defendant requested an extra week to serve its supplemental responses; Plaintiff agreed to a modified deadline of February 28, 2022. (ECF No. 37-7.) On February 28, 2022, Defendant produced 140 pages of documents, consisting of Ricketts's personnel file, time sheets, earning statements, and the NV5 Employee Handbook; defense counsel noted via email to counsel for the Plaintiff that a Stipulated Protective Order needed to be filed "before we can produce some additional items." (ECF No. 37-8.) Though the Protective Order was subsequently entered in this matter on March 1, 2022, Plaintiff asserts that Defendant continued to resist

3

supplementation. (ECF No. 35.) Via an email on March 7, 2022, defense counsel indicated Defendant was "still reviewing the written discovery responses that are to accompany the supplemental production we sent on February 28," and that defense counsel "will provide an ETA [estimated time of arrival] on the written responses as soon as we are able." (ECF No. 37-9.) Plaintiff asserts that Defendant "NV5, aside[] from producing a small number of documents, has failed to take any further action." (ECF No. 38 at 3.) The record does not indicate that the parties further conferred following Defendant's February 28, 2022 supplemental production.

This case is no longer in the early stages of litigation. The parties have long since completed their briefing on the Plaintiff's "*Motion for Conditional Certification*," which is currently under the District Judge's consideration. (*See* ECF Nos. 19, 24, 25, 30.) Furthermore, pursuant to the Court's Scheduling Order, the deadline for written discovery requests has passed, as well as the parties' deadline to serve their expert disclosures; discovery is set to close next week on March 25, 2022, dispositive motions are due on April 14, 2022, and trial is set to commence on August 2, 2022. (ECF No. 14.) The parties have also reported to the Court that they "have agreed to mediate this matter with a [private] mediator." (ECF No. 22 at 1.) It is in this context that Plaintiff filed the motion *sub judice* on March 14, 2021. (ECF No. 37.) While Plaintiff asserts therein that the parties informally "agreed to push the deadline" for filing a motion to compel "to March 15, 2022, in light of NV5's failure to answer," (*see* ECF No. 38 at 3), the parties have not filed any stipulations to extend the deadline on the record. Nor has Plaintiff offered any explanation for his nearly four-month delay in seeking to compel Defendant's discovery responses until the eve of the discovery deadline.

4

## II. **DISCUSSION**

Rule 37 of the Federal Rules of Civil Procedure governs motions for an order compelling disclosure or discovery. The Rule provides, in relevant part:

> [a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: [...] (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). A party who moves for an order compelling disclosure or discovery under Rule 37(a) "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules of Civil Procedure further limits the circumstances under which a party may present a motion to compel:

> Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order. The 30-day deadline may be extended by court order for good cause shown, or by stipulation of the parties, so long as the extension does not interfere with the scheduling order. Any such stipulation must be filed pursuant to LR Civ P 11.2 . . . [which requires that stipulations] must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk

L.R. Civ. P. 37.1(c), 11.2.

The Federal Rules of Civil Procedure confer "substantial discretion" to the Court "in managing discovery."[1] *Doe v. Cabell Cty. Bd. of Educ.*, 3:21-cv-31, 2022 WL 288193, at *4 (S.D. W. Va. Jan. 31, 2022) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of*

---

[1] Furthermore, pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required, on motion or *sua sponte*, to limit the frequency and extent of discovery when, *inter alia*, "the party seeking discovery has already had ample opportunity to collect the requested information by discovery in the action."

5

*Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). "Resolution of a motion to compel," therefore, "is generally left within the broad discretion of the District Court." *VICA Coal Co. v. Crosby*, 212 F.R.D. 498, 504 (S.D. W. Va. 2003) (citing *Lone Star*, 43 F.3d at 929) (denial of motion to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (same)). In accordance with this discretion, the Court may "examine the circumstances surrounding an untimely motion to compel in order 'to avoid what may constitute overly 'technical' applications of the Rule.'" *Baxley v. Jividen*, 3:18-CV-01526, 2020 WL 4282033, at *4 (S.D. W. Va. July 27, 2020).

Thus, in *Baxley*, Magistrate Judge Aboulhosn found that the plaintiffs demonstrated good cause to extend the 30-day deadline of Local Rule 37.1(c) when the plaintiffs "filed their Third Motion to Compel Discovery just thirteen days after the deadline provided by the aforementioned Local Rule." *Id.* Judge Aboulhosn found that an exception to the deadline was particularly apt when "Plaintiffs' Third Motion to Compel also concern[ed] matters that were timely raised in Plaintiffs' Second Motion to Compel that remain unresolved to date, which Defendants concede." *Id.* The Court further notes that in the *Baxley* case, the Third Motion to Compel was filed more than a year before discovery was set to close under the trial schedule. *See Baxley v. Jividen*, 3:18-CV-01526, at ECF No. 388 (S.D. W. Va. May 20, 2021).

Defendant's responses were due by November 19, 2021. Pursuant to Local Rule 37.1(c), therefore, it appears that Plaintiff waived his right to file a motion to compel on December 20, 2021. Additionally, there is no indication on the record that either of the exceptions to the 30-day deadline apply. While Local Rule 37.1(c) provides that "[t]he 30-

day deadline may be extended by court order for good cause shown," here Plaintiff's motion failed to address the issue of good cause at all. Likewise, while there is some indication that the parties informally agreed to extend the 30-day deadline, the Rule expressly requires agreed extensions to be reduced to writing, signed by the parties or their counsel, "and promptly filed with the clerk." L.R. Civ. P. 37.1(c), 11.2.

In determining whether the Court should exercise its discretion to allow the motion to nonetheless proceed, the Court considers whether enforcing the waiver under the circumstances would "constitute overly 'technical' application" of Local Rule 37.1(c). *Baxley*, 2020 WL 4282033, at *4. The undersigned finds that, without more from Plaintiff, application of Local Rule 37.1(c) is appropriate under the circumstances.

Plaintiff's motion *sub judice* failed to move for, or indeed, even address, extending the thirty-day time frame to file a motion to compel discovery under Local Rule 37.1(c).[2] Nor has Plaintiff shown—or, again, even addressed at all—that granting such an extension would not "interfere with" the Court's Scheduling Order. L.R. Civ. P. 37.1(c). This is concerning because discovery is set to close in this matter on March 25, 2022—only 11 days after Plaintiff filed his motion; however, it appears that Plaintiff has had ample opportunity—approximately 115 days after the discovery responses were due—to seek Defendant's compliance with its discovery obligations under the Federal Rules prior to this late date. Absent any showing by Plaintiff of good cause for the delay, it appears to be an unreasonable amount of time—particularly when, unlike the *Baxley* plaintiffs, whose

---

[2] The Court also notes that Plaintiff is represented by counsel who are charged with following the Court's rules. Counsel who are admitted to this Court *pro hac vice* are "expected to abide by the rules and orders of this Court," including the Court's Local Rules. *See Edwards v. Powers*, 2:00-CV-0775, 2003 WL 25674812, at *4 (S.D. W. Va. June 5, 2003). Plaintiff's counsel filed stipulations relating to other deadlines in this case, and has been expressly directed to the Local Rules by the District Judge. (*See* ECF No. 23 at 1) (explaining that "there is no rule permitting Parties to stipulate to the extension of response deadlines that are governed by Local Rule 7.1(7)").

modest thirteen-day delay did not affect any case deadlines—Plaintiff's motion pushes against the discovery deadline and other impending deadlines, increasing the likelihood of undue disruption to the Court's Scheduling Order.

Finally, Plaintiff's motion is deficient because it fails to demonstrate compliance with either the certification requirement of Federal Rule 37(a)(1) or the duty to confer in person under Local Rule 37.1(b). First, the Federal Rules of Civil Procedure require motions to compel to contain a written "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In addition, the Local Rules require that "[b]efore filing any discovery motion, including any motion for sanctions . . . counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent." LR Civ P 37.1(b). Here, Plaintiff's motion does not contain a certification under Federal Rule 37(a)(1), nor does it appear that Plaintiff's counsel made a good faith effort to confer in person or by phone under Local Rule 37.1(b). While the record indicates that the parties did confer by Zoom conference on February 16, 2022, (*see* ECF No. 37-6), there is no indication on the record that counsel conferred either *in person or by telephone* following Defendant's February 28, 2022 production. Thus, without more, it appears to the Court that there is still room to narrow the areas of disagreement between the parties.

In sum, without more, Plaintiff's motion fails to demonstrate that he is entitled to relief at this time. However, in order to appropriately balance the importance of compliance with the Court's Rules against the importance of resolving disputes on the merits and "to avoid what may constitute overly 'technical' applications of the Rule,'" *see Baxley*, 2020 WL 4282033, at *4, Plaintiff's motion is denied without prejudice as to

8

refiling. Prior to re-filing, Plaintiff is ordered to confer with Defendant pursuant to Local Rule 37.1(b) and duly narrow the areas of disagreement; if the parties are not able to resolve their discovery dispute Plaintiff may then contact the undersigned's chambers to schedule a telephone conference no later than 5:00 p.m. on Thursday, March 31, 2022. If, and only if, the parties are unable to resolve their dispute after conference with the undersigned, Plaintiff may file an appropriate renewed motion to compel.

### III.  CONCLUSION

Accordingly, based upon Plaintiff's failure to comply with Local Rule of Civil Procedure 37.1(c), Plaintiff's "*Motion to Compel Discovery*" (ECF No. 38) is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ORDERED** to contact the undersigned's chambers no later than **5:00 p.m.** on **Thursday, March 31, 2022**, to schedule a telephone conference if necessary. If, and only if, the parties are unable to resolve their dispute after conference with the undersigned, Plaintiff may then file an appropriate renewed motion to compel.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:       March 17, 2022

Dwane L. Tinsley
United States Magistrate Judge